JjPETERS, J.
These consolidated cases arise from an August 10, 1997 two-vehicle accident which occurred in Lafayette, Louisiana. Sharon Renee Stevens, the driver of one of the vehicles, brought the first suit for damages against the driver of the other vehicle, Wilbert Willis, Jr., and his liability insurer, Illinois National Insurance Company (Illinois National). A second suit was filed by Mr. Willis and his wife, Vergie Willis, to recover for their personal injuries. Finally, a third suit was filed by Ms. Stevens and her liability insurer, U.S. Agencies Casualty Insurance Company (U.S. Agencies), in an attempt to recover the property damages and deductible paid by U.S. Agencies and Ms. Stevens, respectively, for Ms. Stevens’ vehicle. Mr. Willis and Illinois National filed a reconventional demand in this suit to recover the -property damages and deductible paid by Illinois National and Mr. Willis, respectively, for Mr. Willis’ vehicle. The three suits were consolidated for trial.
Before trial, Mr. and Mrs. Willis settled their personal injury claims, leaving only the property damage claims of all parties and Ms. Stevens’ personal injury claim. However, after trial, the trial court concluded that the accident was caused solely by the fault of Mr. Willis. It then rendered judgment in favor of Ms. Stevens and against Mr. Willis and Illinois National, awarding her $10,449.75 in general and special damages. The trial court also rendered judgment in favor of U.S. Agencies and against Mr. Willis and Illinois Nation *1198 al, awarding the insurer $6,794.90, representing the amount paid by U.S. Agencies to Ms. Stevens in connection with the property damage to her vehicle.
Mr. Willis and Illinois National have appealed. In their appeal, they raise as their sole assignment of error that the trial court erred in finding Mr. Willis solely at fault in causing the accident.
| pThe August 10, 1997 accident occurred at approximately 3:30 a.m. at the intersection of Martin Luther King Drive and North St. Antoine Street in Lafayette, Louisiana. At the intersection, Martin Luther King Drive runs generally east and west, and North St. Antoine Street intersects it at a ninety degree angle. Although Martin Luther King Drive is a two-lane street, it expands at the intersection to allow for a turning lane in both directions. Additionally, a traffic light controls the flow of traffic at the intersection.
Both Ms. Stevens and Mr. Willis were driving their vehicles on Martin Luther King Drive immediately before the accident, with Ms. Stevens approaching the intersection from the east and Mr. Willis approaching it from the west. According to Ms. Stevens, as she approached the intersection, she observed Mr. Willis’ vehicle approaching the intersection. Ms. Stevens testified that she observed Mr. Willis’ vehicle between the turning lane and the main traffic lane and was unsure of his intentions. Then, without signaling, Mr. Willis began a left-turn maneuver into her path. Ms. Stevens asserted that she had time only to blow her horn and swerve to the left. Despite her efforts, the two vehicles collided.
Mr. Willis testified that he was not moving, but had stopped in the turning lane, waiting to make his left turn onto North St. Antoine Street when Ms. Stevens’ vehicle swerved and “just ran into [him] in the turning lane.” He also testified that he had signaled his intention to turn before the collision. John Calvin Marks, Jr., a resident of the area, also testified and supported Mr. Willis’ version of the accident. According to Mr. Marks, from a distance of one and one-half to two blocks away, he observed Ms. Stevens’ vehicle strike Mr. Willis’ vehicle as it sat motionless in the turning lane.
laOfficer Cory James Hebert of the Lafayette City Police Department investigated the accident. He testified that when he arrived at the scene, he observed that Mr. Willis had “a very strong alcoholic beverage emanating from both his breath and his body, slurred speech, very glossy bloodshot eyes” and that he had “difficulty standing still without stumbling or leaning against some nearby object.” Officer Hebert subsequently charged Mr. Willis with driving while intoxicated.
Mr. Willis denied being intoxicated. He testified that he had one mixed drink at a club that evening and left the club with a second drink. According to Mr. Willis, at the time of the accident, he had taken only one sip of the second drink. He further testified that, while two separate sobriety tests had been performed after his arrest, the results were “zero on both of them.” Neither side introduced any additional evidence of the actual test results.
Photographs of the two vehicles were introduced depicting the damage each vehicle sustained in the accident. The photographs revealed that Ms. Stevens’ 1996 Mitsubishi Mirage sustained significant damage across the entire front of the automobile, while Mr. Willis’ 1996 Chevrolet pickup sustained the bulk of its damage on the right front corner. Additionally, the pictures revealed a scratch mark near the right door handle of the pickup.
Upon the completion of the evidence, the trial court rendered reasons for judgment, concluding that the physical evidence established by the photographs tipped the evidentiary balance in favor of Ms. Stevens. The trial court reasoned that, absent a left-turn maneuver by Mr. Willis, his truck would not have been damaged as it was. Thus, the trial court discounted Mr. Willis’ testimony that he was sitting still at the time of the accident and con- *1199 eluded that “from [the photographic] physical |4evidence, along with the testimony of the driver of the other vehicle and the placement of the cars, this Court finds that the Willis’ vehicle was, in fact, entering into the lane and making, at least beginning to make a turn.” With that factual finding, the trial court concluded that Mr. Willis was at fault in causing the accident. Thus, the judgment at issue in this appeal is based on a factual finding.
An appellate court may not set aside a lower court’s findings of fact in the absence of manifest error or unless the findings are clearly wrong. Stobart v. State, Through DOTD, 617 So.2d 880 (La. 1993). Moreover, “the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.” Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973).
Louisiana Revised Statute 32:104(A) provides in part that no one shall “turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.” Additionally, La.R.S. 32:122 explicitly states that “[t]he driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to all vehicles approaching from the opposite direction which are within the intersection or so close thereto as to constitute an immediate hazard.” A left turn is a dangerous maneuver, and a driver attempting to make a left turn has a duty to make certain that the turn can be completed safely. Theriot v. Lasseigne, 93-2661 (La. 7/5/94); 640 So.2d 1305. Once a plaintiff has established that the defendant was attempting to make a left turn when the accident occurred, the burden of proof then shifts to the defendant to prove that he or she was | sfree from fault. Hampton v. Marino, 97-1345 (La.App. 1 Cir. 11/6/98); 725 So.2d 503.
The trial court concluded that Mr. Willis was attempting a left turn at the time of the accident and failed to establish he was free from fault. It is obvious that the trial court reached this conclusion by rejecting the testimony of Mr. Willis and Mr. Marks. “[WJhere two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong.” Stobart, 617 So.2d at 883. The evidence, especially the photographs showing damage on the right side of the Willis vehicle, supports a finding that Willis was attempting to make a left turn at the time of the accident and failed to exercise the degree of care required by a motorist in this particular situation. Accordingly, we find that a reasonable factual basis exists for the trial court’s factual determinations and that its findings are not clearly wrong or manifestly erroneous. Specifically, we find no error in the trial court’s finding that Mr. Willis’ fault was the sole cause of this accident.
DISPOSITION
For the foregoing reasons, we affirm the judgment of the trial court in all respects. We assess all costs of this appeal to Wilbert Willis, Jr., and Illinois National Insurance Company.
AFFIRMED.